**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| LESLIE MERCADO,<br><br>       Plaintiff,<br><br>       v.<br><br>COMMONWEALTH OF MASSACHUSETTS,<br><br>       Defendant. | Civil Action No. 25-CV-13397-AK |

## MEMORANDUM AND ORDER

**KELLEY, D.J.**

Plaintiff Leslie Mercado, a resident of Boston, Massachusetts, filed a *pro se* Complaint

[Dkt. 1], a Motion for Leave to Proceed *In Forma Pauperis* [Dkt. 2], an Emergency Motion for

Preliminary Injunction [Dkt. 3], and an Affidavit [Dkt. 4].

For the following reasons, the Motion for Leave to Proceed *In Forma Pauperis* [Dkt. 2]

is **DENIED**; the Emergency Motion for Preliminary Injunction [Dkt. 3] is **DENIED**; and this

action is **DISMISSED** pursuant to the Court's inherent authority.

## I.    BACKGROUND

Mercado brings this Complaint pursuant to 42 U.S.C. § 1983, alleging that her rights

under the Fourteenth Amendment were violated during several domestic relations proceedings in

the Probate and Family Court for the Commonwealth of Massachusetts. [Dkt. 1 at 1].  The

Complaint contains five counts as follows: Count I (due process violation under the Fourteenth

Amendment); Count II (equal protection violation); Count III (state-created danger); Count IV

(interference with family integrity); and Count V (Massachusetts constitutional violations). [Id.

at 7-8].  Named as Defendant is the Commonwealth of Massachusetts, which "oversees the

1

courts and judicial officers." [Id. ¶ 5].  For relief, Mercado seeks monetary damages, a declaration that "Defendants' conduct [was] unconstitutional," and an order directing the restoration of Plaintiff's maiden name and for the "Probate Court to grant or schedule a divorce within 30 days." [Id. at 9].

Mercado alleges that after marrying her husband, he became abusive and exhibited "a well-recognized pattern of coercive control." [Id. ¶¶ 8-11].  Mercado states that she sought protection at "a domestic violence shelter." [Id. ¶ 15].  Over the last 19 years, Mercado has "filed for divorce five (5) times." [Id. ¶ 20].  Mercado states that her husband "filed his own divorce petition" [id. ¶ 36], and that it "has been inactive for over two years with no action." [Id. ¶ 37].  Mercado further states that because her daughter is now a legal adult, there is "no legal justification for continued denial [or delay of the divorce]." [Id. ¶¶ 43-44].

Mercado alleges that for 18 years, her husband "never acted as a parent yet the Court used parenting requirements to block [the] divorce." [Id. ¶¶ 17-19, 23-28].  Mercado alleges that despite the fact that her former husband "repeatedly refused to appear [at court] hearings" [id. ¶ 30], the state court would not "grant the divorce if he does not show up." [Id. ¶ 32].  Mercado complains that the state court "waived thousands of dollars of child support [owed to Mercado]." [Id. ¶ 34].  Mercado states that while separated from her husband, because they were still married, he was listed as the father of two of her children, despite the fact that her husband was not the father of the children. [Id. ¶¶ 38-39].  Mercado contends that by delaying and denying the divorce petitions, the "Probate Court has forced [Mercado] Into an Involuntary Marriage." [Id. at 6, ¶ 56].

I.     **LEGAL STANDARD**

Federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to

manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 107 (2017) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).  Those powers include the power to dismiss frivolous or malicious actions. See Mallard v. U.S. Dist. Ct., 490 U.S. 296, 307-08 (1989); Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 11 n.5 (1st Cir. 1985).  As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff. Axcella Building Realty Tr. v. Thompson, No. 23-CV-40151, 2024 WL 474539, at *2 n.2 (D. Mass. Jan. 25, 2024). "Rather, in legal parlance, a complaint is 'frivolous' if it 'lacks an arguable basis either in law or in fact.'" Id. (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).  "Issues of subject matter jurisdiction 'can be raised sua sponte at any time' because they relate to the fundamental Article III limitations on federal courts." Plourde v. Maine, 20-CV-00149, 2020 WL 2600972, at *1 (D. Me. May 21, 2020) (citing McBee v. Delica Co., 417 F.3d 107, 127 (1st Cir. 2005)).  "A court may also dismiss a case on its own motion for failure to state a claim upon which relief may be granted. Carlsen v. Carlsen, Civil Action No. 11-CV-11119, 2011 WL 2632260, at *1 (D. Mass. July 1, 2011) (citing Gaffney v. State Farm Fire & Cas. Co., 294 Fed. App'x 975, 977 (5th Cir. 2008) (unpublished)).

At this stage, the Court accepts the plausible allegations in the Complaint as true and draws all reasonable inferences in Plaintiff's favor. Estelle v Gamble, 429 U.S. 97 (1976).  In conducting this review, the Court liberally construes the Complaint because Plaintiff is proceeding *pro se*. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Applying these liberal standards to Plaintiff's Complaint, dismissal is nonetheless required because the Complaint lacks any plausible basis in law. See Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (stating that a complaint must allege a plausible entitlement to relief).  It is readily apparent that

the Complaint fails to state claims upon which relief can be granted and that Plaintiff seeks relief beyond the scope of the Court's authority.

## II.   DISCUSSION

### A.   The Younger Doctrine

To the extent Plaintiff requests that the Court grant injunctive and declaratory relief with respect to matters in an ongoing Probate and Family Court matter, the Court abstains from hearing her claims under the Younger abstention doctrine.  In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. See Gibson v. Berryhill, 411 U.S. 564, 573-74 (1973) (citing Younger, 404 U.S. 37).  This doctrine has been extended to certain civil actions and is appropriate in three categories of pending state-court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." Sprint Commc'n, Inc. v. Jacobs, 571 U.S. 69, 72-73 (2013); see Sirva Relocation, LLC v. Richie, 794 F.3d 185, 192-93 (1st Cir. 2015) (outlining three-step approach in determining whether Younger abstention applies).  In addition, none of the exceptions to the Younger doctrine appear applicable here. See Sirva, 794 F.3d at 192 (noting exceptions to Younger when "state proceeding is brought . . . for the purpose of harassment, . . . if the state forum provides inadequate protection of federal rights, . . . [or] when a state statute is flagrantly and patently violative of express constitutional prohibitions" (citation modified)); see also Esso Standard Oil Co. v. Lopez-Freytes, 522 F.3d 136, 143 (1st Cir. 2008) (discussing "[e]xtraordinary circumstances" where abstention would be inappropriate).

Despite Plaintiff's misgivings about the fairness of the proceedings in Probate and Family

Court, there is no indication that "state law clearly bars the interposition of constitutional

claims." Brooks v. N.H. Sup. Ct., 80 F.3d 633, 639 (1st Cir. 1996) (quoting Moore v. Sims, 442

U.S. 415, 425-26 (1979)).  Inasmuch as the Family and Probate Court proceedings underlying

this Complaint are pending, this Court cannot interfere with those proceedings.  Although

Plaintiff voices her disagreement with the rulings and/or inaction of the Family and Probate

Court, she has not alleged facts indicating special circumstances suggesting bad faith,

harassment, or irreparable injury that is both serious and immediate has occurred with respect to

those proceedings.  The Younger abstention therefore applies.

### B.    The Rooker-Feldman doctrine

Plaintiff appears to also request that the Court review and overturn the outcome of one or

more of her Probate and Family Court matters.  Congress has vested appellate jurisdiction over

state court judgments exclusively with the United States Supreme Court. See 28 U.S.C. § 1257;

Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005) (["Section] 1257, as

long interpreted, vests authority to review a state court's judgment solely in this Court . . . .");

Davison v. Gov't of P.R.–P.R. Firefighters Corps., 471 F.3d 220, 223 (1st Cir. 2006).  A litigant

seeking relief from a state court judgment may appeal within the state system and file a petition

for a writ of certiorari to the United States Supreme Court.  Federal district courts, such as this

one, lack subject matter jurisdiction to review state court decisions.

Specifically, such claims are barred under the Rooker-Feldman doctrine.[1]  That doctrine

deprives lower federal courts of jurisdiction over cases brought by non-prevailing parties

---

[1] The doctrine was created by two Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983).

5

"complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Efreom v. McKee, 46 F.4th 9, 17 (1st Cir. 2022) (quoting Exxon Mobil Corp., 544 U.S. at 284). Thus, the Court does not have authority to grant Plaintiff relief from a state court action that has been terminated.

### C.    Eleventh Amendment

The Court also must dismiss Plaintiff's damages claims against the Commonwealth because of sovereign immunity under the Eleventh Amendment.[2]  The Eleventh Amendment bars claims for money damages brought against a state or state employees acting in their official capacities.  The Eleventh Amendment generally bars actions for money damages in federal court against a State, its departments and its agencies, and its employees acting in their official capacities unless the State has consented to suit or Congress has overridden the State's immunity. See Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Hudson Sav. Bank v. Austin, 479 F.3d 102, 105-06 (1st Cir. 2007).  Congress did not abrogate Massachusetts' sovereign immunity by enacting 42 U.S.C. § 1983. See Will v. Mich. Dep't. of State Police, 491 U.S. 58, 66 (1989); Quern v. Jordan, 440 U.S. 332, 334 (1979).  To the extent Mercado seeks monetary damages, Massachusetts has not consented to suit in federal courts for the types of claims asserted here, where she seeks compensatory and punitive damages. See Coggeshall v. Mass. Bd. of Registration of Psychs., 604 F.3d 658, 662 (1st Cir. 2010); Irwin v. Comm'r Dep't of Youth Servs., 388 Mass. 810, 821 (1983).  The Court therefore dismisses Plaintiff's damages

---

[2] Speaking broadly, 42 U.S.C. § 1983 provides a remedy for the violation of federal right by a person acting under the color of state law.  A state (including its agencies and departments) is not a "person" within the meaning of § 1983. See Will v. Mich. Dep't. of State Police, 491 U.S. 58, 71 (1989).

claims against the Commonwealth.

### III.    MOTION FOR PRELIMINARY INJUNCTION

A request for preliminary injunctive relief "is a request for extraordinary relief." Cushing v. Packard, 30 F.4th 27, 35 (1st Cir. 2022).  To issue a preliminary injunction under Fed. R. Civ. P. 65, the Court must consider "(1) the movant's likelihood of success on the merits; (2) the likelihood of the movant suffering irreparable harm; (3) the balance of equities; and (4) whether granting the injunction is in the public interest." Id. (citation omitted).  "The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that [s]he is likely to succeed in [her] quest, the remaining factors become matters of idle curiosity." Id. at 36 (quoting New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002)).

In addition, the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits the Court from providing much of the relief Plaintiff seeks.  This statute provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  The Anti-Injunction Act's "core message is one of respect for state courts," and it "commands that those tribunals 'shall remain free from interference by federal courts.'" Smith v. Bayer Corp., 564 U.S. 299, 306 (2011) (quoting Atl. Coast Line R. Co. v. Locomotive Eng'rs, 398 U.S. 281, 282 (1970)).  Put differently, the Anti-Injunction Act "says that federal courts cannot by injunction govern the conduct of state litigation," and that "federal courts must abstain from disrupting ongoing state litigation in all the most extraordinary situations." Mannix v. Machnik, 244 Fed. App'x 37, 39 (7th Cir. 2007) (holding that Anti-Injunction Act prevented federal court from issuing an injunction to govern future proceedings in

custody proceedings).

Here, Plaintiff has not demonstrated that she is likely to succeed in the lawsuit. As set forth above, Plaintiff has not plausibly pleaded a claim against Defendant and, to the extent state court proceedings are ongoing, the Court will not intervene in them. To the extent Plaintiff asks this Court to order the Probate and Family Court to grant her divorce immediately or schedule a final hearing within 30 days [Dkt. 3 at 6], this relief falls squarely within the judicial action prohibited by the Anti-Injunction Act. Thus, Plaintiff's request for injunctive relief is denied.

## IV.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

A person seeking to proceed *in forma pauperis* must submit an affidavit that includes "a statement of all assets such [person] possesses," showing that "the person is unable to pay such [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Here, Mercado has failed to provide a complete statement of her assets. She did not answer Questions 1 to 3 on the application concerning employment and income. [Dkt. 2 at 1]. Contrary to the directions on the application form, in response to Question 5, she did not describe her vehicle and its approximate value, and in response to Question 6, she did not provide the amount of her regular monthly expenses. [Id. at 2]. Without this information, the Court cannot ascertain whether Mercado is unable to pay the filing fee. Accordingly, the Court will deny the Motion for Leave to Proceed *In Forma Pauperis*.

## V.    CONCLUSION

Without a plausible federal claim, the Court will not exercise supplemental jurisdiction over any state law claims unless it has diversity jurisdiction pursuant to 28 U.S.C. § 1332. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (explaining that Congress has granted district courts original jurisdiction in federal question cases pursuant to 28

U.S.C. § 1331, and in diversity cases pursuant to 28 U.S.C. § 1332, and that "once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy").  The Court lacks diversity subject matter jurisdiction over Plaintiff's state law claims because she has not alleged that the parties are of diverse citizenship nor facts from which the Court may reasonably infer that the amount in controversy exceeds $75,000.

In light of the nature of the claims asserted, the Court finds that amendment would be futile. Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that *sua sponte* dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).  Accordingly, and pursuant to the Court's inherent authority, the action will be dismissed.

## VII.   ORDER

For the foregoing reasons, it is hereby ordered:

1.      The Motion for Leave to Proceed *In Forma Pauperis* [Dkt. 2] is **DENIED**.

2.      The Motion for Preliminary Injunction [Dkt. 3] is **DENIED**.

3.      This action is **DISMISSED** pursuant to the Court's inherent authority.

4.      The Clerk is directed to enter a separate Order of Dismissal.

**SO ORDERED.**

Dated:  August 3, 2026                         /s/ Angel Kelley
                                                              Hon. Angel Kelley
                                                              United States District Judge